IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11929-LSS |
| | ) | (Chapter 11) |
| ALIGNED DEVELOPMENT LLC | ) | |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO SMALL BUSINESS DESIGNATION**

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 1020, and objects to the designation of Aligned Development LLC ("Aligned" or the "Debtor") as a small business electing to proceed under Subchapter V of Chapter 11 of Title 11 of the United States Code, and in support thereof states as follows:

I.  **Introduction**

A single asset real estate debtor (a "SARE") cannot, as a matter of law, also be a small business debtor. In this case, the Debtor – a Wyoming limited liability company that has had its foreign registration forfeited in Maryland and revoked in the District of Columbia – acknowledges being the former but, somehow, also insists on being the latter. Such is not a legally feasible construct and it is accordingly appropriate to strike the Subchapter V designation herein.

II.  **Argument: The Debtor Cannot be a Small Business Debtor**

Insofar as the Debtor has not filed any schedules, a statement of financial affairs, or even a list of the twenty (20) largest creditors, there is some difficulty in assessing the assets, *vel non*, of Aligned. Upon information and belief, however, the entity exists solely to own and operate a parcel of real property located at 1815 Eighth Street, NW, Washington, DC 20001 (the "Property"). Aligned has indicated, on its petition for relief, that the company is a SARE. *See*

1

Voluntary Petition for Non-Individuals Filing for Bankruptcy, DE #1, at § 7. Such necessarily means the Debtor is not, too, a small business for bankruptcy purposes.

In the grand Venn diagram of bankruptcy cases, there is no overlap between SAREs and small business debtors. *See, e.g.*, 11 U.S.C. § 101(51D) ("The term 'small business debtor'-- (A) subject to subparagraph (B), means a person engaged in commercial or business activities (. . . excluding a person whose primary activity is the business of owning single asset real estate). . ."); 11 U.S.C. § 1182(1) ("The term 'debtor'-- (A) subject to subparagraph (B), means a person engaged in commercial or business activities (. . . excluding a person whose primary activity is the business of owning single asset real estate). . ."); *Andover Covered Bridge, LLC*, 553 B.R. 162, 166 n. 3 (B.A.P. 1st Cir. 2016) ("The Debtor's designation as a small business debtor is inconsistent with this being a single asset real estate case. . . The definition of small business debtor specifically excludes debtors in single asset real estate cases and, therefore, by definition, a single asset real estate case cannot be a small business debtor case.") (citing *In re PM Cross, LLC*, 494 B.R. 607, 616–17 (Bankr. D.N.H. 2013)); *In re CYMA Cleaning Contractors Inc.*, 2023 WL 7117445, at *5 (Bankr. D.P.R. Oct. 27, 2023) ("SARE debtors are expressly excluded from being small business debtors pursuant to section 1182(1)(A). Thus, if the debtor is determined to be a SARE, the debtor cannot reorganize under subchapter V.") (quoting *In re Caribbean Motel Corp.*, 2022 WL 50401, at *3 (Bankr. D.P.R. 2022); citing 1 Bankruptcy Law Fundamentals § 12:24 (2023)).

Accordingly, so long as the Debtor is a SARE, the Debtor cannot, too, be a small business debtor. And, by virtue of the Aligned self-designating as a SARE on the petition herein, the Debtor is to be regarded as a SARE. *See, e.g.*, *Lucas v. Burnley*, 879 F.2d 1240, 1242 (4th Cir. 1989) (noting judicial admissions to be binding upon the party making such admissions); *In re Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) ("Statements in bankruptcy schedules are executed

under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions.") (citing *In the Matter of Gervich*, 570 F.2d 247, 253 (8th Cir. 1978)); *In re Diaz*, 2014 WL 12936894, at *1 (Bankr. M.D. Fla. July 25, 2014) ("The Debtor executed his Voluntary Petition . . . under penalty of perjury, which constitute judicial admissions.").

To be sure, it appears this case was filed in an emergency posture so as to stop WCP from foreclosing the Property. The haste of the filing seems potentially prone to cause some early issues, not the least of which being the absence of a mailing matrix, Local Rule 1002-1(a)(3), and the Debtor's failure to include a list of its twenty (20) largest unsecured creditors, Local Rule 1002-1(a)(4). Dismissal of this case would do little good, however, as the Debtor would almost assuredly just seek Chapter 11 relief once more, on the eve of the next foreclosure auction, and thereby essentially benefit from the temporal delay invited by Aligned's own failures of compliance. And so, WCP, though highly doubtful about the feasibility of this case, does wish to see the matter progress. But such progression ought to be with the understanding that Aligned is a SARE and not a small business debtor.

**III. Conclusion**

WHEREFORE, WCP respectfully objects to the Debtor's designation as a small business debtor proceeding under Subchapter V and seeks such other and further relief as may be just and proper.

*[Signature on Following Page]*

3

Respectfully submitted,

Dated: March 9, 2024

By: <u>/s/ Maurice B. VerStandig</u>
   Maurice B. VerStandig, Esq.
   Bar No. 18071
   The VerStandig Law Firm, LLC
   1452 W. Horizon Ridge Pkwy, #665
   Henderson, Nevada 89012
   Phone: (301) 444-4600
   Facsimile: (301) 444-4600
   mac@mbvesq.com
   *Counsel for WCP Fund I LLC*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of March, 2024, a copy of the foregoing was served electronically upon filing via the ECF system with copies to Lynn A. Kohen, Esq. and Richard S. Basile, Esq., and also sent via US Mail, postage prepaid, to:

Richard S. Basile, Esq.
6305 Ivy Lane, Ste. 416
Greenbelt, MD 20770
rearsb@gmail.com
*Counsel for the Debtor*

Aligned Development LLC
4108 Chariot Way
Upper Marlboro, MD 20772
*Debtor*

Lynn A. Kohen, Esq.
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
lynn.a.kohen@usdoj.gov
*Counsel for the United States Trustee*[1]

/s/ Maurice B. VerStandig
Maurice B. VerStandig

---

[1] In light of the Debtor's aforementioned failure to include a list of its twenty (20) largest unsecured creditors, or any mailing matrix at all, WCP is notably hamstrung in its efforts to comply with Federal Rule of Bankruptcy Procedure 1020(c) in serving a copy of this motion on the list of creditors set forth pursuant to Federal Rule of Bankruptcy Procedure 1007(d). WCP is, accordingly, serving this motion on the Debtor, the Debtor's counsel, and counsel for the United States Trustee, inasmuch as WCP is without information as to any other parties who could be served. WCP has reviewed the District of Columbia's land records, in an effort to obtain information for other creditors, but has only located – in addition to the debt owed to WCP – a debt owing to the District of Columbia Water and Sewer Authority, which is secured by a lien filed on December 28, 2023 and, as such, which does not appear to evidence an unsecured debt subordinate to the lien of WCP.

5