IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11929-LSS |
| | ) | (Chapter 11) |
| Aligned Development LLC | ) | |
| | ) | |
| Debtor. | ) | |
| ―――――――――――――― | ) | |
| | ) | |
| WCP Fund I LLC, as Servicer for Pacific | ) | |
| RBLF Funding Trust | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Aligned Development LLC | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, pursuant to Section 362(d) of Title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and moves for relief from the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay") so as to permit WCP to exercise any and all *in rem* recourse against the real property located at 1815 8th Street, NW, Washington, DC 20001, together with any improvements thereupon (the "Property")—including selling the Property at foreclosure—and in support thereof states as follows:

### I.    Introduction

Ninety-six days ago, Aligned Development LLC ("Aligned" or the "Debtor") petitioned for bankruptcy relief and self-identified as a "Single Asset Real Estate" business. DE #1 at § 7.

Since then, the Debtor has (i) filed schedules—one at a time, DE #25-DE #30—that do not so much as identify WCP (or anyone else) as a secured creditor, DE #27; (ii) filed a small business monthly operating report for March 2024, DE #50, despite having previously amended the petition for relief to clarify that Aligned is not a small business, DE #9; (iii) failed to file a monthly operating report for April 2024, despite the deadline for such having elapsed more than a fortnight prior to the docketing of this motion, *see* Docket, *passim*; (iv) not made a single dollar in post-petition payments to WCP; and (v) not proposed a plan of reorganization.

For these reasons, and as extrapolated upon *infra*, WCP respectfully seeks relief from the Automatic Stay so as to permit WCP to proceed with foreclosure of the Property. It is not entirely clear where this case is going, but it is clear that the temporal threshold for a single asset real estate case has now elapsed without a plan being filed or payments being made.

## II.    Standard

Familiarly, Title 11 of the United States Code (the "Bankruptcy Code") provides various grounds upon which a creditor may be afforded relief from the Automatic Stay including, *inter alia*:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
>
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments…

11 U.S.C. § 362(d).

### III.    Relevant Facts

On June 30, 2022, the Debtor borrowed the sum of $1,098,000.00 from WCP. *See* Promissory Note (the "Note"), attached hereto as Exhibit A. The loan was—and remains—secured by a deed of trust on the Property. *See* Deed of Trust (the "Deed of Trust"), attached hereto as Exhibit B. Per the document's express terms, the Note matured on December 30, 2023. *See* Note, Ex. A, at § 3.

On or about July 8, 2022, the Note and Deed of Trust were assigned to Pacific RBLF Funding Trust. *See* Assignment of Deed of Trust, attached hereto as Exhibit C. When the Note was not then paid at maturity, WCP (as servicer for Pacific RBLF Funding Trust) noticed a foreclosure auction for March 7, 2024 at 2:05 pm, in the District of Columbia. *See* Notice of Foreclosure Sale of Real Property or Condominium Unit (the "Foreclosure Notice"), attached hereto as Exhibit D.

Approximately 78 minutes prior to the foreclosure auction, the Debtor petitioned for bankruptcy relief in this Honorable Court. DE #1. The Debtor has remained a debtor-in-possession at all times since. *See* Docket, *passim*.

At the time WCP noticed the Property for foreclosure, the Debtor owed WCP the sum of $880,107.69. *See* Foreclosure Notice, Ex. D. The Note has continued to accrue interest since and WCP also has a secured claim for the attorneys' fees and costs it has incurred in connection with the cancelled foreclosure and this bankruptcy proceeding. *See* Note, Ex. A, at § 5.

### IV.    Argument: Stay Relief is Appropriate

The record herein plainly establishes (i) the Debtor is, by its own sworn admission, a single asset real estate entity; (ii) the Debtor has not sought leave to make—much less actually made— any monthly payments to WCP; and (iii) no plan or reorganization has been docketed. The criteria

3

of the foregoing provision of Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") are thusly satisfied, and relief from the Automatic Stay is instantly warranted.

As a neighboring court has noted of the rationale underlying the Bankruptcy Code's allowance for stay relief in single asset real estate cases like the matter *sub judice*:

> Congress expressly attempted to avoid the usual delays experienced in Chapter 11 in single asset real estate cases, which historically have been filed to avoid a foreclosure and in the hope that the debtor can come up with some form of a miracle in order to formulate an acceptable plan. Congress was persuaded that such delays in single asset real estate cases are unwarranted and it passed the amendment to Section 362 in 1994 to provide a means to expedite the potential for relief, unless certain conditions are met. The unequivocal language of the statute mandates relief from stay in such cases.

*In re LDN Corp.*, 191 B.R. 320, 326 (Bankr. E.D. Va. 1996). *See also*, *In re Triumph Inv. Group, Inc.*, 2009 WL 2916986, at *3 (Bankr. E.D. Pa. 2009) ("Although technically the court may condition or modify the stay rather than terminate it, it appears that the legislative intention was to terminate the stay when the debtor neither proposes a viable plan nor makes payments to the secured party. A court should refuse to terminate the stay only when there is a strong reason for offering lesser relief.") (quoting 3 Collier on Bankruptcy, ¶ 362.07[5], [b]).

Here, there is no question but that the Debtor is a single asset real estate entity. The Debtor's own schedules show no assets other than a singular piece of property, DE #26, and the Debtor's own petition for relief, DE #1, and amended petition for relief, DE #9, both show the Debtor self-designating as a single asset real estate entity.

Equally, the record herein reveals the Debtor has not made any payments to WCP. The Debtor's lone monthly operating report shows no cash outflows whatsoever, DE #50, while also revealing the Debtor has not so much as opened a debtor-in-possession bank account, *Id.* at ln. 5. Since the Debtor has not scheduled any leases or executory contracts, DE #29, it is unclear where the Debtor could find the money to make payments even if Aligned so wished.

Similarly, the docket herein also reveals no plan of reorganization has been filed, much less one "that has a reasonable possibility of being confirmed within a reasonable time." 11 U.S.C. § 362(d)(3)(A).

In short, this is a case where the Debtor is not making any payments, has not docketed a plan, has not timely filed its monthly operating reports, has not shown any hint of reorganizational ability, and seems to have done as little as possible during the 96 days it has been in bankruptcy. WCP is accordingly meritorious of relief from the Automatic Stay, and respectfully petitions for such so WCP may pursue recourse against the Property.

**V.    Conclusion**

WHEREFORE, WCP respectfully prays this Honorable Court (i) grant WCP relief from the Automatic Stay so as to proceed with foreclosure of the Property; (ii) permit WCP to retain the proceeds of a foreclosure auction, without accounting to this Honorable Court for the same, so long as such proceeds not exceed the sum of the Debtor's obligation to WCP; and (iii) for such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: June 11, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2024, a copy of the foregoing was served electronically upon filing via the ECF system with copies to:

- Richard S. Basile    rearsb@gmail.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I FURTHER CERTIFY that on the 12th day of June, 2024, a copy of the foregoing is also being served, sans exhibits (but including the notice of opportunity to object), via US Mail, postage prepaid, to all parties on the attached mailing matrix.

/s/ Maurice B. VerStandig
Maurice B. VerStandig