1815 8th St NW Washington DC 20001
LOAN-006838

Prepared by and return to:
Washington Capital Partners
2815 Hartland Road, Suite 200
Falls Church, VA 22043
Attn: Victoria Junkins, Esq.

## COMMERCIAL DEED OF TRUST NOTE

**June 30, 2022**                                                   **$1,098,000.00**

### IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

### 1.   BORROWER'S PROMISE TO PAY

FOR VALUE RECEIVED, the undersigned, **Aligned Development LLC**, a Wyoming Limited Liability Company (the "Borrower"), promises to pay to the order of **WCP Fund I LLC,** a Delaware limited liability company, at 2815 Hartland Rd Suite 200, Falls Church, VA 22043, in its capacity as Agent (as hereinafter defined) under any co-lending agreement (together with its successors and assigns, the "Lender"), at such address and place, or at such other place or places as the Lender may from time to time designate in writing, the principal sum of **$1,098,000.00** (the "Loan Amount"), together with interest at the rate hereinafter provided, from the date of this Note (as set forth above) until paid. All amounts due under this Note are secured by a Deed of Trust of even date herewith ("Deed of Trust") on the real property referenced in the Deed of Trust ("Property"). Capitalized terms used in this Commercial Deed of Trust Note (this "Note") and not otherwise defined herein shall retain the meaning ascribed to such term in the Deed of Trust.

Borrower hereby assigns its right, title, and interest in and to all contracts and contract rights in connection with the Property. So long as no default or Event of Default exist under this Note or the related Deed of Trust, Lender grants a license to Borrower to use the contracts and contract rights to increase the value of the Property. However, upon a default or Event of Default under this Note or the related Deed of Trust, Borrower's license shall immediately and automatically be revoked.   **[ASSIGNMENT OF CONTRACTS]**

Borrower expressly and specifically agrees that the entire original principal balance of this Note, or any part thereof, may be withheld from Borrower at the closing on the loan Amount memorialized by this Note and may be funded, if at all, in Lender's sole and absolute discretion. Borrower further expressly and specifically agrees that interest shall accrue on only the total amount of the original principal balance that is disbursed and

Rev 12.2015                                                   Page **1** of 9

1815 8th St NW Washington DC 20001
LOAN-006838

released from Lender to Borrower, until repaid. If the loan Amount memorialized by this Note is not funded in whole or in part, so much of it as is unfunded shall be deemed repaid at the Maturity Date (defined below), applied in accordance with this Note. **[FUNDING]**

Borrower agrees to pay before or at the closing on the loan Amount memorialized by this Note **$21,850.20** to Lender as a loan Amount origination fee, **$0.00** to DP Capital LLC for a broker price opinion, and **$1,500.00** to Lender as processing fees and document prep fees. **[POINTS, FEES, AND COSTS]**

The final version of the loan Amount commitment between Borrower and Lender is incorporated herein by reference. In the event of any conflict between the aforementioned loan Amount commitment and this Note, the terms and conditions of this Note shall control. **[LOAN COMMITMENT]**

## 2.   INTEREST

Interest shall accrue hereunder at the rate of **8%** per annum on the principal.

## 3.   PAYMENTS

Payments of interest only shall be due and payable on the first day of each calendar month during the term of the loan evidenced by this Note.

If not sooner paid, the entire balance of the principal of this Note remaining unpaid, plus interest accrued thereon at the aforesaid rate not previously paid, and fees and costs, if any, shall be due and payable by Borrower in full by **December 30, 2023** (the "Maturity Date").

For purposes of computing interest on the debt evidenced hereby, interest shall be calculated on the basis of a three hundred sixty (360) day calendar year applied to the actual number of days funds are outstanding. Payments made on account hereof shall be applied first to the payment of late charges or other fees and costs owed to the Lender, next to the payment of any accrued and unpaid interest, and then to principal, or in such other order or proportion as the Lender, in its sole discretion, may elect from time to time.

The Borrower agrees to pay on demand any expenditures made by the Lender in accordance with the Deed of Trust, including, but not limited to, the payment of taxes, special assessments, condominium assessments, insurance premiums, and the cost of maintenance and preservation of the properties described in the Deed of Trust. At the option of the Lender, all such expenditures may be added to the unpaid principal balance of this Note and become a part of and on a parity with the principal indebtedness secured by the Deed of Trust and other instruments executed herewith, and shall accrue interest at the rate as may be payable from time to time on the original principal indebtedness or may be declared immediately due and payable.

1815 8th St NW Washington DC 20001
LOAN-006838

All payments due hereunder shall be made in immediately available funds and constitute payment only when collected and/or the cash is actually received by the Lender.

**4.     BORROWER'S RIGHT TO PREPAY**

The Borrower is permitted to prepay the principal indebtedness evidenced hereby in whole or in part prior to the Maturity Date without premium or penalty.

**5.     BORROWER'S FAILURE TO PAY AS REQUIRED**

Before the Maturity Date, the entire principal sum outstanding, together with accrued interest thereon (as herein provided), fees and costs, if any, shall at once become due and payable at the option of the Lender without further notice, if any of the following occurs:

- a.  If default be made in any payment due under this Note;
- b.  If default be made in the performance of any other covenant contained in this Note;
- c.  If the legal or equitable title to any part or all of the Property becomes vested in anyone other than the Borrower without the Lender's prior written approval;
- d.  If default be made in the performance of any covenant under the Deed of Trust (the terms and provisions of which are incorporated herein by this reference as though fully set forth) which shall continue and remain uncured after any applicable grace period specified therein or in a written notice of default from the Lender to the Borrower.

Failure to exercise any of the options aforementioned or the failure to exercise any other option herein or in the Deed of Trust provided for shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. Acceleration of maturity, once claimed by the Lender, may at its option be rescinded by an instrument in writing to that effect; however, the tender and acceptance of a partial payment or partial performance shall not, by itself, affect or rescind such acceleration of maturity.

Upon a default in the payment of an amount due under this Note, after the expiration of any applicable grace period, or upon the occurrence of an "Event of Default", as that term is defined in the Deed of Trust, under the Deed of Trust, the holder of this Note may, in the holder's sole discretion and without notice or demand, in addition to any other remedy the holder of this Note may exercise, charge interest to the Borrower which shall accrue on the entire face value of this Note at the rate of **24%** per annum (the "Default Rate"). If judgment is entered against the Borrower on this Note, the amount of such judgment entered (which may include principal, interest, fees and costs) shall bear interest at such Default Rate as of the date of entry of judgment.

Lender reserves the right at its sole discretion, to extend this Note on any date the loan evidenced hereby becomes due in full, either by maturity or by default, without giving notice to junior lienholders. The foregoing shall not imply any consent to any junior liens.

1815 8th St NW Washington DC 20001
LOAN-006838

In the event any payment due under this Note, including the final payment, is paid more than five (5) days after the date when the same is due, then the Lender shall be entitled to collect a "late charge" in an amount equal to **10.00%** of such installment. In the event the payment due is the balloon payment of this Note at its maturity, then the Lender shall be entitled to collect a late charge in an amount equal to **10.00%** of the original principal amount of this Note.

In the event it shall become necessary to employ counsel to collect this obligation or to protect the security hereof, the Borrower agrees to pay reasonable attorneys' fees, whether suit be brought or not, and all other costs and expenses reasonably connected with collection, the protection of the security, the defense of any counterclaim, the enforcement (including without limitation, as a part of any proceeding brought under the Bankruptcy Reform Act of 1978, as amended) of any remedies herein provided for, or provided for in the Deed of Trust, and the enforcement of any guaranty.

## 6.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

**BORROWER HEREBY CERTIFIES THAT THIS LOAN IS FOR BUSINESS OR INVESTMENT PURPOSES ONLY AND SHALL NOT BE UTILIZED FOR THE PURCHASE OF AN OWNER OCCUPIED PRINCIPAL RESIDENCE.**

**BORROWER FURTHER CERTIFIES THAT THIS PROPERTY SHALL NOT BE RENTED TO OTHERS OR OCCUPIED IN ANY WAY DURING THE TERM OF THIS LOAN. OCCUPANCY OF THE PROPERTY IS STRICTLY PROHIBITED AND WILL RESULT IN IMMEDIATE DEFAULT.**

**BORROWER ATTESTS THAT IN THE EVENT OF ANY TENANCY PRIOR TO THE CLOSING OF THIS LOAN, THAT HE/SHE/IT PROPERLY ADHERED TO ALL TENANTS RIGHTS LAWS WITH PROPER NOTICES AND PROCEDURES. ANY ACTION TAKEN TO REMEDY SUCH RIGHTS DURING THE COURSE OF THIS LOAN WILL BE THE FULL RESPONSIBILITY OF BORROWER, AND IN THE EVENT LENDER NEEDS TO EMPLOY COUNSEL TO REMEDY SUCH ACTIONS, LENDER HAS FULL AUTHORITY TO COLLECT ALL REASONABLE ATTORNEYS' FEES AND ADDITIONAL COSTS FROM BORROWER.**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of such persons together. This means that any one of the Borrowers, guarantors, sureties or endorsers may be required to pay all of the amounts owed under this Note.

1815 8th St NW Washington DC 20001
LOAN-006838

This Note shall be the obligation of the makers hereof and shall apply to and bind their respective successors, personal representatives, executors, survivors, heirs, and assigns.

## 7.   WAIVERS

The Borrower and any endorsers, guarantors and sureties jointly and severally waive the rights of Presentment, Notice of Dishonor, demand for performance, notice of nonperformance, protests, notice of protest, notice of default, demands, notice of demands, notice of non-payment and other notice and any and all lack of diligence or delays in the collection or enforcement hereof and expressly agree that this Note, or any payment hereunder, may be extended from time to time without in any way affecting the liability of the Borrower or any endorser, guarantor or surety hereof. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

The Borrower and any other person who has obligations under this Note waive the benefit of the homestead exemption as to the Property described herein and in the Deed of Trust.

The Borrower hereby (i) covenants and agrees not to elect a trial by jury of any issue triable of right by a jury, and (ii) waives any right to trial by jury fully to the extent that any such right shall now or hereafter exist. This waiver of right to trial by jury is separately given, knowingly and voluntarily, by the Borrower, and this waiver is intended to encompass individually each instance and each issue as to which the right to a jury trial would otherwise accrue. The Lender is hereby authorized and requested to submit this Note to any court having jurisdiction over the subject matter and the parties hereto, so as to serve as conclusive evidence of the Borrower's waiver of the right to jury trial. Further, the Borrower hereby certifies that no representative or agent of the Lender (including the Lender's counsel) has represented, expressly or otherwise, to the Borrower that the Lender will not seek to enforce this waiver of right to jury trial provision.

## 8.   GIVING OF NOTICES

All notices, demands, requests and other communications required pursuant to the provisions of this Note shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one business day after having been sent by a nationally recognized overnight delivery service or a local courier service, charges prepaid, or three (3) calendar days after having been sent by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the Borrower at:4108 Chariot Way , Upper Marlboro, MD 20772; and to the Lender at the address stated in the first paragraph of this Note.

1815 8th St NW Washington DC 20001
LOAN-006838

The Lender and Borrower may designate a change of address by notice in writing to the other party. Whenever in this Note the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person entitled to receive such notice.

## 9.   SUCCESSORS AND ASSIGNS

(a)     Notwithstanding anything to the contrary in this Note, (i) there shall be no limitation or restriction on Lender's ability to assign, pledge or otherwise transfer its rights and obligations under this Note, and (ii) Lender may at any time assign all or a portion of this Note to one or more Persons (each a "Transferee") without providing notice to Borrower or obtaining Borrower's consent.  Following any such assignment, (1) the Transferee thereunder shall be a party hereto and, have the same rights, benefits and obligations as the Lender hereunder, and (2) the assigning Lender shall have no further rights hereunder with respect to the assigned portion of this Note. Borrower hereby acknowledges and agrees that any such assignment will give rise to a direct obligation of Borrower to the Transferee and that the Transferee shall be considered to be a "Lender" hereunder.  Each Transferee shall have all of the rights, obligations and benefits with respect to the Indebtedness, Obligations, this Note, Property and/or Loan Documents held by it as fully as if the original holder thereof.  Agent (as hereinafter defined) may disclose to any Transferee all information, reports, financial statements, certificates and documents obtained under any provision of any Loan Document.

(b)     Any assignment pursuant to Section 9(a) above may be evidenced by a replacement note at the election of Lender. Upon written notice from Lender, Borrower shall promptly (and in any event within three (3) business days after any such request) execute and deliver to Agent any such documents as Lender may require to confirm such assignment, evidence the Indebtedness, and/or to otherwise effectuate such assignment including, without limitation, original replacement notes in form and substance satisfactory to Agent and payable to the order of Lender and/or a Transferee in an aggregate principal amount equal to the stated principal amount of the Loan.

(c)     Lender shall act as initial administrative noteholder for itself and any Transferee (together with any successor administrative noteholder, the "**Agent**"). Borrower acknowledges that Agent shall have the sole and exclusive authority under this Note and each Loan Document on behalf of the Lender, subject to the terms of any co-lending agreement.  Borrower shall rely conclusively on the actions of Agent to bind the Lender, notwithstanding that the particular action in question may, pursuant to the Deed of Trust or any co-lending agreement be subject to the consent or direction of another Person. Lender may resign or be replaced as Agent in accordance with the terms of any co-lending agreement and upon such removal or resignation, a successor Agent shall be appointed in accordance with the terms of any co-lending agreement.

1815 8th St NW Washington DC 20001
LOAN-006838

## 10.   SEVERABILITY; RULES OF CONSTRUCTION

In the event any provision of this Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be as if such invalid, illegal or unenforceable provision (or part thereof) had not been contained in this Note, but only to the extent it is invalid, illegal or unenforceable.

As used in this Note, the singular shall include the plural and the plural shall include the singular, where the context shall so require.

Time is of the essence as to all provisions of this Note.

### CONFESSION OF JUDGMENT

**IF ANY AMOUNT PAYABLE UNDER THIS NOTE IS NOT PAID WHEN AND AS DUE, OR IF BORROWER SHALL OTHERWISE BE IN DEFAULT UNDER THIS NOTE OR UNDER ANY OF THE DOCUMENTS EVIDENCING OR SECURING THIS NOTE OR THE LOAN EVIDENCED HEREBY, BORROWER AND ANY ENDORSERS HEREOF HEREBY IRREVOCABLY APPOINT RUSSELL S. DRAZIN OR ANY OTHER ATTORNEY AUTHORIZED TO PRACTICE LAW IN THE JURISDICTION WHERE THE PROPERTY IS LOCATED TO APPEAR FOR BORROWER, AND IN BORROWER'S NAME TO CONFESS JUDGMENT AGAINST BORROWER, IN ANY FEDERAL OR STATE COURT OF COMPETENT JURISDICTION IN THE JURISDICTION WHERE THE PROPERTY IS LOCATED OR OF ANY OTHER STATE, TERRITORY OR JURISDICTION OF THE UNITED STATES, OR IN ANY COURT OF COMPETENT JURISDICTION,FOR ALL PRINCIPAL, INTEREST AND OTHER AMOUNTS DUE UNDER THIS NOTE, TOGETHER WITH ALL COSTS, EXPENSES AND ACTUAL ATTORNEYS FEES AS SPECIFIED HEREIN. WITH RESPECT TO SUCH APPEARANCES, BORROWER EXPRESSLY WAIVES SUMMONS AND ALL OTHER PROCESS. THE EXEMPTION OF PERSONAL PROPERTY FROM LEVY AND SALE IS HEREBY EXPRESSLY WAIVED BY THE BORROWER AND NO BENEFIT OF EXEMPTION SHALL BE CLAIMED BY THE BORROWER UNDER ANY EXEMPTION LAW NOW IN FORCE OR WHICH MAY BE HEREAFTER ADOPTED, INCLUDING BUT NOT LIMITED TO THE BENEFIT OF ANY AND ALL HOMESTEAD EXEMPTIONS WHICH ARE HEREBY WAIVED. BORROWER WAIVES THE BENEFIT OF ANY AND EVERY STATUTE, ORDINANCE OR RULE OF COURT WHICH MAY BE LAWFULLY WAIVED CONFERRING UPON THE BORROWER ANY RIGHT OR PRIVILEGE, OR EXEMPTION, STAY OF EXECUTION, APPEAL OR SUPPLEMENTARY PROCEEDINGS, OR OTHER RELIEF FROM THE ENFORCEMENT, OR IMMEDIATE ENFORCEMENT OF A CONFESSED JUDGMENT OR RELATED PROCEEDINGS ON A JUDGMENT. BORROWER CONSENTS TO VENUE IN THE JURISDICTION WHERE THE PROPERTY IS**

1815 8th St NW Washington DC 20001
LOAN-006838

**LOCATED, WITH RESPECT TO THE INSTITUTION OF AN ACTION CONFESSING JUDGMENT HEREON, REGARDLESS OF WHERE VENUE WOULD OTHERWISE BE PROPER. ANY JUDGMENT ENTERED AGAINST BORROWER, WHETHER BY CONFESSION OR OTHERWISE, SHALL BEAR INTEREST AT A RATE WHICH IS THE HIGHEST RATE OF INTEREST BEING PAID BY BORROWER HEREUNDER ON THE DATE OF JUDGMENT. THE AUTHORITY AND POWER TO APPEAR FOR AND ENTER JUDGMENT AGAINST BORROWER SHALL NOT BE EXHAUSTED BY ONE OR MORE EXERCISES THEREOF, OR BY ANY IMPERFECT EXERCISE THEREOF, AND SHALL NOT BE EXTINGUISHED BY ANY JUDGMENT ENTERED PURSUANT THERETO; SUCH AUTHORITY AND POWER MAY BE EXERCISED ON ONE OR MORE OCCASIONS, FROM TIME TO TIME, IN THE SAME OR DIFFERENT JURISDICTIONS AS OFTEN AS THE LENDER OR ITS ASSIGNS SHALL DEEM NECESSARY OR ADVISABLE UNTIL ALL SUMS DUE HEREUNDER HAVE BEEN PAID IN FULL.**

**THE VALIDITY AND CONSTRUCTION OF THIS NOTE AND ALL MATTERS PERTAINING THERETO ARE TO BE DETERMINED ACCORDING TO THE LAWS OF THE JURISDICTION WHERE THE PROPERTY IS LOCATED WITHOUT REGARD TO ITS CONFLICTS OF LAW PRINCIPLES.**

**[SIGNATURE PAGE TO FOLLOW]**

1815 8th St NW Washington DC 20001
LOAN-006838

**BORROWER:**

**Aligned Development LLC,**
a Wyoming Limited Liability Company

By:    BCB Enterprises Inc.
Its:    Sole Member

_____(SEAL)
By: Bridgette Lafran Lyles
Its: President and Sole Director

COUNTY OF _District of Columbia_ ) SS:
STATE OF _____ )

    I hereby certify on this 30th day of June, 2022, before me in the jurisdiction aforesaid, did personally appear Bridgette Lafran Lyles, known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

NOTARY PUBLIC

My commission expires: _____5/14/2025_____

Jeffrey Darrah
Notary Public, District of Columbia
My Commission Expires 5/14/2025

