IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
At Greenbelt

| | | |
|---|---|---|
| IN RE: | * | |
| ALIGNED DEVELOPMENT LLC, | * | Case No. 24-11929 |
| | * | |
| Debtor | | (Chapter 11) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEBTOR'S PLAN OF REORGANIZATION
(July 5, 2024)

Aligned Development LLC, ("ALIGNED"), Debtor herein, hereby submits the following as its Plan of Reorganization, pursuant to Section 1121 of the Bankruptcy Code. The accompanying Disclosure Statement more fully explains the proposals set forth herein and the basis therefor.

### ARTICLE I. DEFINITIONS

The definitions and rules of construction set forth in Sections 101, 102, and 1102 of the Bankruptcy Code shall apply when the terms defined or construed therein are used in this Plan. In addition, the following terms when used in this Plan shall, except if the context requires otherwise, supplement those definitions and rules.

1.1 "Administrative Claim" shall mean a Claim for costs and expenses in connection with the administration of the Debtor's estate, including but not limited to the formulation, confirmation, and implementation of this Plan, allowable in accordance with Section 503(b) and entitled to priority under Section 507(a)(2) of the Bankruptcy Code. In addition, "Administrative Claim" shall include all taxes which have accrued post-petition and all fees due to the Office of the United States Trustee.

1.2 "Allowed Claim" shall mean a Claim that is (a) listed in the schedules filed by the Debtor in this case, or in any amendments thereto, and not listed as disputed, contingent, or unliquidated; (b) set forth in a proper proof of claim, filed with the Clerk of the Court on or before any bar date fixed by this Plan, or by the Court, or otherwise by operation of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, or which has otherwise been allowed by the Court to be filed as if timely, if filed after such date; or (c) a claim otherwise allowed pursuant to a Final Order of the Court. In the event that a Claim is scheduled as hereinabove set forth in subsection (b), and the proof of claim is for an amount or degree of priority less than that provided for in the schedules, then the amount or degree of priority as set forth in the proof of claim shall constitute the amount and priority of the Allowed Claim. Notwithstanding the foregoing, if an objection is filed with respect to a Claim, whether said objection is filed before or after Confirmation, said Claim shall not be deemed to be an Allowed Claim for any purpose so long as said objection is pending, except to the extent ordered by the Court.

1.3 "Allowed Secured Claim" shall mean that portion of an Allowed Claim of a secured party representing the value of collateral securing said Claim in accordance with Section 506(a) of the Bankruptcy Code up to but not exceeding the gross amount of the Claim, unless the Debtor consents to allowance of a larger amount as secured. Any Claim which is asserted to be secured but which, in fact, has not been properly secured or perfected may be allowed as a general unsecured Claim to the extent it is otherwise proper. Any excess portion of a party's Allowed Claim over and above said collateral value shall be deemed to be an Allowed General Unsecured Claim; except, however, that any such excess portion that is otherwise entitled to priority treatment shall receive

2

treatment as an Allowed Unsecured Priority Claim. In calculating the amount of an Allowed Secured Claim, an offset shall be given for any reduction in principal balance as a result of payments made to the secured party during the pendency of this case prior to Confirmation.

1.4 "Bankruptcy Code" shall mean Title 11, U.S.C., as amended from time to time.

1.5 "Bar Date" shall mean the latest date on which proofs of claim can be timely submitted and shall be the 60th day after the Effective Date, unless a different Bar Date has been set by the Court.

1.6 "Claim" shall mean a claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code, including, but not limited to, any and all Claims arising from the rejection of executory contracts of the Debtor.

1.7 "Claims Escrow" shall mean an escrow account that may be established to hold distribution amounts allocable to Claims in dispute at the time a distribution is made, to assure that there will be adequate funds to make a distribution with respect to such Claim at such later time as it may become an Allowed Claim. If established, this Claims Escrow will be created at the time of the first distribution to a Class containing a disputed Claim. In the event that a disputed Claim is then allowed at a later date, a distribution will be made to that Claim from the Claims Escrow in accordance with the provisions of this Plan.

1.8 "Court" shall mean (a) the United States Bankruptcy Court for the District of Maryland, or (b) the United States District Court for the District of Maryland, or (c) the United States Court of Appeals for the Fourth Circuit, or (d) the Supreme Court of the

United States, to the extent that any of these Courts may lawfully exercise subject matter jurisdiction over this case.

1.9 "Date of Confirmation" shall mean the date of entry of the Order of Confirmation.

1.10 "Debtor" shall mean Aligned Development LLC.

1.11 "Effective Date" shall mean that date thirty (30) days after the Date of Confirmation; or, if an appeal has been taken and effectiveness of the Plan is not stayed by Order of Court, then it shall mean that date 30 days following the entry of an Order of Court establishing a final resolution of such appeal or of any further appeal. In the event that the Effective Date falls on a weekend day or holiday, then the term "Effective Date" shall refer to the next business day thereafter. Acts to be performed on the Effective Date shall be performed on that date or as soon as is practicable thereafter but in any event no more than 5 business days thereafter.

1.12 "Order of Confirmation" shall mean the order entered by the Bankruptcy Court confirming this Plan in accordance with Section 1129 of the Bankruptcy Code.

1.13 "Plan" shall mean this Plan in its present form and as it may be amended or supplemented.

1.14 "Property" shall mean the townhome owned by the Debtor and located at 1815 8th Street NW, Washington DC 20001.

ARTICLE II. CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 Class 1. Class 1 shall include all Allowed Administrative Claims.

2.2 Class 2. Class 2 shall include the Allowed Secured Claim of Pacific RBLF Funding Trust, if any.

4

2.3 Class 3.  Class 3 shall include the Allowed priority unsecured Claim, if any, of The District of Columbia office of Tax & Revenue and DC Water

2.4 Class 4.  Class 4 shall include all Allowed general unsecured Claims without priority.

2.5 Class 5.  Class 5 shall include the equity ownership in the Debtor

## ARTICLE III.  CLAIMS NOT IMPAIRED UNDER THE PLAN

3.1 Class 1.  Administrative Claims which have been allowed will receive payment in cash, in full, on or before the Effective Date, unless the holders of such claims agree to different treatment.  Administrative Claims which have not been allowed as of the Effective Date will be paid promptly in full, in cash, not later than five business days after such Claims are allowed, unless the holders of such Claims agree to other treatment.  Administrative Claims subject to allowance by the Court, such as the Claims of professionals for compensation and reimbursement of expenses, shall be paid in full not later than five business days after the date an order allowing compensation or reimbursement of expenses has been entered, except to the extent the professionals concerned have agreed otherwise.  All costs and fees payable pursuant to 28 U.S.C. §1930, including but not limited to any outstanding quarterly fees due prior to Confirmation, will be paid in cash, in full, on the Effective Date.  All such costs and fees which accrued prior to Confirmation but which were not due until after Confirmation, and in addition all such costs and fees that accrue thereafter, until this case has been closed, dismissed, or converted to a case under Chapter 7, will be paid in full, in cash, at the time they are due, for each calendar quarter, according to the normal procedures established by the Office of the United States Trustee for the reporting of disbursements

and for the payment of such fees. In addition, if required, the Debtor will make periodic post-confirmation reports of its disbursements to the Office of the United States Trustee in accordance with the normal procedures established by that Office. Impairment does not relate to Class 1.

ARTICLE IV. CLAIMS IMPAIRED UNDER THE PLAN

4.1 Class 2. The Allowed Secured Claim of the Class 2 Creditor shall be paid in full, with interest, in the manner set forth in this paragraph. Pending full payment, the unpaid balance of the Class 2 Allowed Secured Claim will bear post-petition interest at the rate of nine and one half percent (9.5 percent) per annum. The Class 2 claim, to the extent it is an Allowed Secured Claim, will be paid in full, with interest, under a modified loan structure. The point of this modified structure is to provide for reasonable post-petition interest to Class 2, while the Debtor obtains the replacement financing. Under this structure, Class 2 will be paid full payment it's pre-petition principal and interest per it's loan documents and pay post–petition interest at the adjusted rate of nine and one half percent (9.50%) per annum. The Note calls for default interest in the amount of 24% per annum which may be being charged from December 30, 2023. The loan will mature 30 days after Plan confirmation, at which point all principal and any other amounts outstanding will be fully due and payable. The original loan documents shall remain in force, including among others those providing for remedies in the event of default, to the extent they are not inconsistent with the provisions of this Plan. The Class 2 Creditor shall retain its lien on the Property, until such time as its Allowed Secured Claim in Class 2 has been paid in full, at which time said lien shall be released of record. Notwithstanding any provision in this Plan or in the original loan documents to the

contrary, the Debtor may prepay the Allowed Class 2 Claim in whole or in part without any prepayment penalty or premium. In the event of a partial prepayment of principal made prior to the maturity date, the amount due for succeeding monthly payments shall be recalculated. Class 2 is impaired.

4.2 Class 3. The Allowed Secured Claim of the Class 3 Creditors shall be paid in full, with interest, in the manner set forth in this paragraph. The District of Columbia Office of Tax & Revenue is a creditor allegedly owed $11,171.45 and DC Water is allegedly owed $808.60. Debtor intends to pay holders of Class 3 claims at a stream of payments based on a five year amortization payment schedule at an interest rate of 6%, with a balloon payment due one year after the Plan Confirmation Date. Payments would therefore be $231.61 per month in the aggregate for one year. The Class 3 Creditors shall retain its lien on the Property until such time as its Allowed Secured Claim has been paid in full, at which time the lien shall be released of record. Class 3 is impaired.

4.3 Class 4. The Allowed Secured Claim of the Class 4 Creditors shall be paid in full, with interest, in the manner set forth in this paragraph. The Debtor has six creditors holding general unsecured claims without priority, those being Juanita Corrine Wood, Washington Gas, Pepco, BTM Engineers, and BEL Engineering. Total claims in this class are $107,277. Debtor intends to pay holders of Class 3 claims at a stream of payments based on a five year amortization payment schedule at an interest rate of 3.5%, with a balloon payment due one year after the Plan Confirmation Date. Payments would therefore be $1,951.56 per month in the aggregate for one year. The Debtor would retain the right to prepay the Class 3 Creditors in whole or part without prepayment penalty or premium. This Class is impaired..

4.4 Class 5. No distribution of money or property is to be made to any Aligned Development LLC owner equity security holder class on account of it's interests in the Debtor, but will retain it's interest as owner.

## ARTICLE V. EXECUTORY CONTRACTS

5.1 No executory contracts.

## ARTICLE VI. MEANS FOR IMPLEMENTATION OF THE PLAN

6.1 Plan Funding. Funding shall be derived as follows: Alexander Lyles has agreed to fund any remaining balance of allowed counsel fees and expenses personally in installments of $500.00 per month (unless a lesser sum is due at the time). Mr. Lyles will also fund as necessary the fees and expenses for post-confirmation services. The Debtor has approached an Equity Partner which is interested in joining the Debtor in completing the renovation and sale of the Property. The Equity Partner is Velocity Capital LLC. Velocity Capital is a highly respected developer which has numerous successful development projects completed and underway in Prince Georges County, Maryland. Velocity Capital LLC has participated in projects which have raised 10s of millions of dollars in financing and capital for Property renovation and development. The Debtor expects to receive a term sheet from Velocity Capital LLC, shortly. The term sheet is expected to provide for payoff of the Class 2 Creditor at Plan Confirmation, as set forth herein, new financing for physical renovation construction and soft costs for completion of the Property renovation and monthly payments for the Class 3 and Class 4 Classes, as set forth above. Velocity Capital will also be providing technical assistance and resources for the townhome development.

6.2 Claims Disputes. In the event objections to claims are filed, on or prior to the date on which a distribution to such claim would otherwise be made, as described below, the Debtor shall establish and maintain one or more escrow funds to hold monies that would otherwise be distributed to the holders of Claims that are subject to an objection until the objection has been resolved. In the event that a Claim is disputed and the dispute is pending at the time of a distribution, the disputed Claim will be counted for distribution purposes as if allowable in full for the purpose of calculating the distribution amounts, but it will not actually receive a distribution at that time. Instead, the amount which is allocated to such disputed Claim will be placed in the Claims Escrow. If such Claim is then allowed at a later date, the actual amount of the Claim as allowed will be used for purposes of calculating the amount which such Claim would have received on account of the allowed amount, and this corrected amount will be distributed to the holder of the Claim from the Claims Escrow. Any balance in a Claims Escrow fund which is allocable to a disputed claim over and above the sums allowed with respect to such claim, after the dispute has been resolved, will be returned to the entity from which the funds were derived.

6.3 All funds of the Debtor will be held in accounts insured by the Federal Deposit Insurance Corporation. The debtor shall stop payment on any distribution check which has not cleared the bank within 90 days of the date of its issuance.

6.4 All notices given hereunder may be sent either to Creditors or to their counsel.

6.5 All Claims will be subject to periodic re-examination while the case remains open to ensure that no Claim inadvertently receives an excess distribution.

6.6 The debtor will file such post-confirmation reports as may be required by the Court, or under the Local Bankruptcy Rules of the Court, or by the Office of the United States Trustee, until such time as the case has been administratively closed. Such reports will not be distributed generally to creditors but will be sent to any creditor requesting them in writing.

6.7 It is anticipated that the professionals retained by the debtor as debtor in possession may continue to render services post-confirmation according to the fee arrangements previously approved by the Bankruptcy Court, except that formal fee applications will not be required for post-confirmation services or expense reimbursements. Until the case is administratively closed, statements for such post-confirmation services and expense reimbursements will be subject to court approval and shall filed with the Court by line and not in the form of a formal application, and will be served on the Office of the United States Trustee, to counsel to the Reorganized Debtor, and to any other creditor or party in interest who specifically provides the professional in advance with a written request for service. Such statements may be submitted at any time and as often as the professional deems appropriate, and they will conclusively be deemed allowed and payable in full without the necessity of an order of court unless formally objected to within ten (10) days after service thereof. In the event of a timely filed objection, the Court shall determine what fees and expenses shall be allowed.

6.8 Notwithstanding the foregoing, any Creditor or other party in interest entitled to notice pursuant to this Plan shall be deleted from the notice list when that Creditor's Allowed Claims have been paid in full or satisfied by payment through the Guaranteed Payment Option, withdrawn, or disallowed by the Court. All Creditors shall promptly

notify the debtor of any change in address. In the event that a Creditor fails to maintain a current mailing address and mail to a Creditor is returned as undeliverable after two attempts, neither the debtor nor its counsel shall be required to search for the Creditor's new location. In such case, any Claim held by such Creditor shall be deemed to be disallowed for the purpose of any future distributions. Funds which would otherwise have been paid to such Creditor shall instead remain available for other administration according to the terms of this Plan.

6.9 Once the Plan has been substantially consummated, a final account and request for administrative closure of the case will be filed pursuant to the applicable Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules. Upon approval of the final account, the Court may then enter an order closing the case.

6.10 The Debtor's obligations under the Plan shall survive administrative closure of the case, but the case may be closed administratively once all required payments to Class 5 under the Plan have been made.

6.11 Notwithstanding anything to contrary elsewhere in this Plan, the debtor shall have the right in its sole discretion to prepay any part or all of any obligation due under the Plan without any additional consideration or penalty.

ARTICLE VIII. JURISDICTION; MISCELLANEOUS PROVISIONS

7.1 The Court will retain jurisdiction after the Effective Date for the following purposes:

7.1.1 The classification of any Claim, the re-examination of Claims which have been allowed for purposes of voting, valuation of collateral for the purpose of setting an allowed amount for any Secured Claim, and the determination of any

11

objections that may be or may have been filed with respect to Claims. The failure by the debtor or of any creditor or other party in interest to object to, or to examine for purposes of voting, any Claim as of the Effective Date, shall not be deemed a waiver of the right to object to, or to re-examine any Claim in whole or part after the Effective Date.

7.1.2 Determination of all questions and disputes concerning title to property, the valuation of property, the valuation and priority of Claims; determination of the validity, extent, and priority of liens on the debtor's property; and the determination of compensation or expense reimbursement to be made to professionals.

7.1.3 The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or in the Order of Confirmation, as my be necessary to carry out the purposes and intent of this Plan.

7.1.4 The modification of this Plan after confirmation pursuant to the applicable rules of bankruptcy procedure and the Bankruptcy Code.

7.1.5 The enforcement and interpretation of the terms and conditions of this Plan and resolution of any objections filed with respect to any actions proposed to be taken pursuant to the provisions of this Plan.

7.1.6 The entry of any Order, including injunctions, necessary to enforce the title, rights, and powers of the debtor.

7.1.7 The determination of any avoidance or recovery action that may be brought by the debtor pursuant to the provisions of Sections 542, 543, 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code.

7.1.8 The entry of an order terminating this case.

7.2  Upon Confirmation, all property in the estate shall vest in the Reorganized Debtor, subject to the terms of this Plan, with full power and authority to dispose of its property and manage its business in any manner that is not inconsistent with the requirements of this Plan.  In particular, among other things, the Debtor shall have full power to borrow, to sell its property or grant liens upon its property for any purpose and to enter into such agreements as in its business judgment are consistent with its business interests.  Further, the Debtor shall have unlimited power to utilize any of its property that is collateral for an outstanding secured debt so long as there is no default in payments due on that debt.

Dated:  July 5, 2024

                                        Respectfully submitted,
                                        ALIGNED DEVELOPMENT LLC

                                        _____/s/ Alexander Lyles
                                        Alexander Lyles
                                        Authorized Agent


_____/s/ Richard Basile
Richard Basile
6305 Ivy Lane
Suite 510
Greenbelt, MD 20770
Phone (301) 441-4900
Fax 301-441-2404
Email rearsb@gmail.com

Counsel to the Debtor as
Debtor in Possession

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of July, 2024, a copy of the foregoing Debtor's Plan of Reorganization was sent via USPS first class mail, postage pre-paid, and/or electronically to the persons/entities listed on the attached creditor matrix.

*/s/Richard Basile*
*Richard Basile, P.A.*
*6305 Ivy Lane, Suite 510*
*Greenbelt, MD 20770*
*(301) 441-4900*
*(401) 441-2404*
*rearsb@gmail.com*