IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| In Re: <br> Aligned Development, LLC <br>     Debtor | Case No. 24-11929-LSS <br> Chapter 11 |
| WCP Fund I LLC as Servicer <br> for Pacific RBLF Funding Trust <br>     *Movant* <br> v. <br><br> Aligned Development LLC <br>     *Respondent* | |

## **DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now the Debtor Aligned Development LLC by and through its attorney Richard Basile and moves this Court to reconsider its order of July 10, 2024, granting Movant's Motion for Relief from Automatic Stay and as reasons states:

1. That because of the herein stated facts and circumstances, the debtor was unable to respond to Movant's motion in a timely manner. This is due to the fact that debtor required time to research the payment history of the debtor and the movant and to develop evidence of the value of the subject property.

2. That this Chapter 11 proceeding is a single asset case. The sole asset is the land and improvements known as 1815 8th Street N.W. Washington, D.C.

3. The debtor entered into an agreement with the movant's predecessor in interest Washington Capital Partners for a loan of $1,098,000.00. This loan was secured by a deed of trust in the amount of $770,900.00 which sum was disbursed at closing on June 30, 2022. The remaining $327,100.00 was available for interest and construction cost. The interest rate was 8%.

4. The appraised value of the property after renovation is $1,600,000.00 as of May 24, 2022 (See the attached appraisal marked Exhibit One). This appraisal was performed by movant's appraiser.

5. Recent comparable sales have indicated values ranging from $1.844 million to $2.08 million dollars. (See the attached appraisal marked Exhibit Two).

6. The movant concedes, in its proof of claim, that the value of the subject property is $1.5 million, and that the movant is secured for the sum of $895,669.74. It its foreclosure proceedings the movant claimed the sum of $880, 197.69 to be due and owing.

7. All monthly operating reports have been filed and a disclosure statement and plan of reorganization has been filed.

8. That, while the debtor has made no post-petition payments to the movant, it should be noted that the movant retained a reserve of $327,100.00 which was designated to reimburse the debtor for its advances of the soft costs of renovation. From the date of closing to the present date, the movant and/or its predecessor has only reimbursed debtor the sum of $17,000.00 for soft costs advanced. After April 2023, the movant and/or its predecessor refused to reimburse the debtor for any further advances. The debtor expended an additional $10,000.00 for which it was not reimbursed by the movant and/or

its predecessor. Nevertheless, the debtor continued to pay monthly interest payments of $4,465.50 through July 2023.

9. That, as a result of the lender's failure to honor its agreement to reimburse soft costs, the renovation project was unable to proceed to progress and completion. The movant retains $310,100.00 of monies due and owing to the debtor. It is fair to say that the debtors alleged default and failure to complete the renovation, refinance and payoff of movant's debt was caused and induced by the movant's failure to honor its agreement to pay out the reserved to fund the renovation.

10. That, in response to these events, the debtor is now in a position to obtain financing from equity partner to complete the renovation and sale of the subject property as more specifically set forth in the disclosure statement and plan of reorganization filed on July 5, 2024.

11. That, as a result of the foregoing, there is more than enough equity in the property to secure the movant's interests and, indeed, there is enough equity to fund the plan which calls for a one hundred percent payout to all creditors, secured, and unsecured.

12. That, if the movant is permitted to foreclose upon the subject property at public auction, it is anticipated that the movant will realize proceeds of far less than the value of the subject property and likely no more than an amount sufficient to pay the debt due and owing to the movant. This means that all remaining creditors will receive nothing and will lose in excess more than $100,000.00. The granting of movant's motion for relief from automatic stay will greatly prejudice all of the creditors.

Wherefore, debtor moves this Court to reconsider and vacate its order granting the movant's motion for relief from automatic stay.

/s/ *Richard S. Basile*
Richard S. Basile, Esq.
CPF: 78060-10005
6305 Ivy Lane, Suite 510
Greenbelt, Maryland 20770
(301) 441-4900
rearsb@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July, 2024, a copy of the foregoing Debtor's Motion for Reconsideration of Order Granting Motion for Relief from Automatic Stay, will be served electronically by the Court's CM/ECF system on the following:

Maurice B. VerStandig
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Parkway #665
Henderson, Nevada 89012
mac@mbvesq.com


Lynn Kohen
lynn.a.kohen@usdoj.gov

US Trustee
USTPRegion04.G.B.ECF@USDOJ.GOV

/s/ Richard S. Basile
Richard S. Basile, Esq.
CPF: 7806010005
6305 Ivy Lane, Suite 510
Greenbelt, Maryland 20770
(301) 441-4900
rearsb@gmail.com