IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11929-LSS |
| | ) | (Chapter 11) |
| Aligned Development LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WCP Fund I LLC, as Servicer for Pacific RBLF Funding Trust | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Aligned Development LLC | ) | |
| | ) | |
| Respondent. | ) | |

**OPPOSITION TO DEBTOR'S MOTION FOR RECONSIDERATION OF
ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, in opposition to the Debtor's Motion for Reconsideration of Order Granting Motion for Relief from Automatic Stay (the "Motion to Reconsider," as found at DE #70) and states as follows:

**I.      Introduction**

The Motion to Reconsider merits denial both because Aligned Development LLC ("Aligned Development" or the "Debtor") fails to set forth cause for reconsideration and, too, because the Debtor continues to misapprehend the nature of the at-issue motion for relief from the automatic stay (the "Stay Relief Motion," as found at DE #52). Reconsideration is an extraordinary procedural remedy applicable only to a narrow variety of circumstances, none of which Aligned

1

Development alleges to be extant in this case. Equally, though, even if, *arguendo*, the Stay Relief Motion were to be revisited on the merits, the Debtor's arguments in opposition continue to conflate the rigors of separate and distinct grounds for stay relief, 11 U.S.C. § 362(d)(1-2), with those uniquely applicable to single asset real estate cases, 11 U.S.C. § 362(d)(3). By failing to address the proper standard, the Debtor necessarily comes well short of what would be needed to demonstrate this Honorable Court's stay relief order (the "Order," as found at DE #63) is in error.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged the Motion to Reconsider be denied.

## II.     Argument: The Debtor Does Not Set Forth Grounds for Reconsideration

The Debtor posits that reconsideration is appropriate because (i) more time was needed to respond to the Stay Relief Motion; (ii) Aligned Development's pre-petition default under WCP's loan documents was actually the fault of WCP; (iii) the Debtor can now obtain financing to complete renovations on its singular real estate asset; (iv) there exists equity in the asset; and (v) a foreclosure may invite a lower sales price than is desirable. Yet not only do the latter four points necessarily call into question the veracity of the first point (with it being wholly unclear why these contentions could not be timely raised), but none of these assertions comport with the exacting rigors attendant to seeking judicial reconsideration. Thusly, while WCP does address the merits of the Stay Relief Motion below, *see, infra,* § III, this Honorable Court need not—and, WCP would urge, ought not—actually reach those merits.

The Motion to Reconsider is notably absent any legal citations. However, insofar as such motions are normally predicated upon Federal Rule of Civil Procedure 59(e) (made applicable by Federal Rule of Bankruptcy Procedure 9023), WCP assumes that to be the applicable foundation for the Debtor's request. The grounds for relief under that rule are notably limited in nature:

> A motion for reconsideration (or, to alter or amend judgment) made pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.

*Microbix Biosystems, Inc. v. BioWhittaker, Inc.*, 184 F. Supp. 2d 434, 436 (D. Md. 2000) (quoting *Weyerhaeuser Corp. v. Koppers Co., Inc.*. 771 F. Supp. 1406, 1419 (D. Md. 1991)).

Importantly, "[s]uch a motion 'cannot be used to raise arguments which could, and should, have been made before [the determination to be reconsidered] issued.'" *Microbix*, 184 F. Supp. 2d at 436 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). And, as observed by the United States Court of Appeals for the Fourth Circuit, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

The Debtor does not suggest—and WCP is not aware of—any intervening changes in controlling law. Title 11 of the United States Code (the "Bankruptcy Code") has not been amended since the date on which the Order was entered. And while there are five bankruptcy court opinions, nationwide, retrievable on Lexis Nexis, that have been issued since the Order was entered and that use the words "stay relief," none of the five opinions concern single asset real estate cases or Section 362(d)(3) of the Bankruptcy Code. *See In re Imperial Pac. Int'l CNMI, LLC*, 2024 U.S. Dist. LEXIS 126105 (D. N. Mar. I. July 10, 2024); *In re Sticky Holsters*, 2024 Bankr. LEXIS 1626 (Bankr. M.D. Fla. July 10, 2024); *Johnson v. Struebing (In re Russell)*, 2024 Bankr. LEXIS 1670 (Bankr. N.D.W. Va. July 19, 2024); *In re Tait*, 2024 Bankr. LEXIS 1702 (Bankr. W.D. Ark. July 23, 2024); *In re Glob. Aviation Techs. LLC*, 2024 Bankr. LEXIS 1675 (Bankr. D. Kan. July 19, 2024). It accordingly does not appear that the Motion to Reconsider is premised upon a change in controlling law.

The Motion to Reconsider does, however, seem to suggest the existence of new evidence. *See* Motion to Reconsider, DE #70, at ¶ 1 ("...because of the herein stated facts and circumstances, the debtor was unable to respond to Movant's motion in a timely manner. This is due to the fact that debtor required time to research the payment history of the debtor and the movant and to develop evidence of the value of the subject property.").[1] The problem with this contention, though, is that none of what is thereafter suggested by the Debtor would constitute "new evidence."

As observed by the *Pacific Ins. Co.* Court, "... if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992))). Moreover:

> ... in order to support a motion for reconsideration, "the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing."

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (quoting *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)).

Here, the Debtor is suggesting that (i) the property is worth more than the correlative debt; (ii) at least one requested draw was never disbursed by WCP; and (iii) equity will risk erosion if the property is foreclosed. None of these contentions, even if accepted as true (and WCP certainly takes issue with how certain points are characterized in the Motion to Reconsider), are of a nature

---

[1] That the Debtor alleges an ongoing investigation prevented an opposition brief from being timely filed in the first instance is difficult to credit. The rules governing practice in this Honorable Court permit a party, on a modest showing of cause, to garner additional time. Fed. R. Bankr. P. 9006(b)(1). If the Debtor was truly in the throes of a factual inquiry, and could not timely file an opposition brief because of that ongoing inquiry, nothing would have prevented Aligned Development from simply asking for additional time (to which WCP very likely would have consented).

that was not discoverable at the time the Debtor's opposition to the Stay Relief Motion came due. The Debtor set forth a value of the property when filing schedules in this case, DE #26 at p. 6 (valuing the property at $1.5 million), and then altered that valuation downward when filing amended schedules, DE #44 at p. 6 (valuing the property at $870,000.00). Even putting aside that, per the amended schedules, the Debtor does *not* assert there to be equity in the property, it is difficult to understand how valuation would equate to evidence that "could not with reasonable diligence," *Boryan*, 884 F.2d. at 771, have been previously discovered.[2]

The same goes for any disputes the Debtor may have with WCP. If the Debtor does not believe a loan draw was properly funded, the Debtor would have become aware of such at the time the draw was denied—not more than three months after seeking bankruptcy protection. Notably, the Debtor did not originally schedule *any* secured creditors in this case, DE #27, *passim*, and then amended its schedules, to acknowledge the debt to WCP and to assert the same as being "disputed," on April 5, 2024, DE #41 at p. 1. Insofar as Aligned Development needed a good faith basis to mark the debt as being disputed when amending its schedules, Fed. R. Bankr. P. 9011(b), it would seem the Debtor was on notice of a dispute being extant more than two months before the Stay Relief Motion was filed. And it is thusly difficult to accept such as rising to the level of evidence that could not have been previously discovered. *Boryan*, 884 F.2d. at 771.

Equally, the suggestion that a foreclosure will risk erosion of equity would, too, seem the variety of fodder that cannot qualify as newly discovered evidence. Perhaps more problematically, though, if the Debtor's own amended schedules are to be credited, there is no equity in the property.

---

[2] This difficulty is compounded by the fact that the appraisal attached to the Motion to Reconsider is from May 24, 2022, DE #70-4, a date more than two years before the Motion to Reconsider was filed. Similarly, the three comparable sales relied upon by the Debtor, on the other exhibit to the Motion to Reconsider, closed on February 21, 2024; November 27, 2023; and October 26, 2023, DE #70-4, all dates that precede the filing of the Stay Relief Motion.

As noted *supra*, the Debtor amended its schedules on April 5, 2024 and, in so doing, discounted the value of the property from $1.5 million to $870,000.00. DE #44 at p. 6. Of even date therewith, the Debtor also added WCP as a creditor, indicating a correlative obligation of $895,669.74. DE #41 at p. 1. And while the Debtor now suggests the property is actually worth $1.6 million (based, somehow, on a comp range of $1.844 million to $2.08 million), Motion to Reconsider, DE #70, at ¶¶ 4-5, Aligned Development has not amended its schedules to alter the still-extant $870,000.00 valuation, *see* Docket, *passim*. So not only is this a contention that assuredly does not qualify as evidence the Debtor could not have previously discovered but, too, this is a contention that seems to be facially belied by the Debtor's own schedules.

This leaves only the third ground of reconsideration: correcting a clear error of law or preventing a manifest injustice. The standard for such a showing, in this judicial circuit, is markedly high (and notably colorful): "A prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.' It must be 'dead wrong.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988))). Here, the Debtor does not cite to a single legal authority in the Motion to Reconsider, so it is difficult to see there being a contention that the Order contains a clear error of law. And it is equally difficult to see how permitting a lender to foreclose upon collateral, after a bankruptcy case sputtered past the 90-day mark without payments being made or a plan being filed, could constitute a "manifest injustice."

In short, reconsideration is not a vast panacea through which a litigant is permitted to put forth arguments overlooked—or facts omitted—in connection with the original disposition of a

motion. Reconsideration is an extraordinary and palpably limited remedy, reserved for the most sparing of occasions. The Debtor simply does not allege any facts, or argue any law, that would give rise to this being one such occasion. And the Motion to Reconsider is accordingly meritorious of denial.

### III.     Argument: The Underlying Motion was Properly Granted

Even if this Honorable Court were to grant the Debtor's request to reconsider the Stay Relief Motion, the relief already granted would still be proper for two reasons. First, as noted above, the Debtor did not timely oppose the Stay Relief Motion and did not seek an extension of time to do so; such is, in and of itself, a reason sufficient to afford the relief. Local Rule 9013-1(d). And, second, the Debtor is still yet to make any argument—or present any evidence—relevant to the provision of Section 362 under which the Stay Relief Motion is based.

The Stay Relief Motion is expressly premised on—and quotes the entirety of—Section 362(d)(3) of the Bankruptcy Code. *See* Stay Relief Motion, DE #53, at § 2, p. 2. Familiarly, this provision provides that a bankruptcy court "shall" grant relief from the automatic stay, to a secured creditor in a single asset real estate case, if a debtor does not either (i) commence making payments within 90 days of the petition date; or (ii) "file[] a plan of reorganization that has a reasonable possibility of being confirmed," within the same 90 days. 11 U.S.C. § 362(d)(3). As noted by Collier, "Section 362(d)(3) attempts to shorten such cases by requiring that the court grant relief from the stay if a reasonable plan is not filed promptly or payments are not commenced." 3 Collier on Bankruptcy P 362.07.[3]

---

[3] WCP cites to *In re LDN Corp.*, 191 B.R. 320, 326 (Bankr. E.D. Va. 1996), in the Stay Relief Motion, with that case providing a more extensive discussion of the legislative intent underlying this provision. Stay Relief Motion, DE #52, at § IV, p. 4.

The Debtor is yet to posit why relief, under Section 362(d)(3), is inappropriate. The Debtor's late-filed opposition brief suggests the existence of equity in the property and, as such, that WCP is adequately protected. *See* Respondent's Opposition to Motion for Relief From Automatic Stay, DE #58, at ¶¶ 6-7. Similarly, the Motion to Reconsider asserts that WCP is adequately protected, whilst intimating that the property is necessary to an effective reorganization. Motion to Reconsider, DE #70, *passim*. Yet the existence of adequate protection, and the necessity of an asset for purposes of reorganization, are only relevant to stay relief motions brought under Section 362(d)(1) or 362(d)(2) of the Bankruptcy Code. Neither consideration is so much as referenced in Section 362(d)(3). (And, to be sure, the consideration of essentiality to reorganization would make little sense under Section 362(d)(3), as assuredly almost all single asset real estate cases involve debtors that are heavily reliant on their titular single asset.)

The Debtor knowingly checked the "single asset" box when filing this case. WCP actually objected to Aligned Development feigning to be both a single asset real estate entity and a small business, DE #4, which, in turn, prompted the Debtor to file an amended petition self-identifying as only a single asset real estate entity, DE #9. The implications of Section 362(d)(3) are assuredly the most vibrant exemplar of what sets a single asset real estate case apart from other Chapter 11 cases; WCP would not have expended the resources necessary to challenge the Debtor's conflicting self-designations if there was not significant import to ensuring the Debtor was bound by the 90-day timeline of Section 362(d)(3). And, equally, WCP would very likely have pursued quite a different strategy in addressing this case if the Debtor had not acknowledged its status as a single asset real estate entity and, in so doing, become bound by the 90-day timeline. So for the Debtor to now suggest that stay relief ought to be denied, on grounds facially irrelevant to Section 362(d)(3), is equally confusing and troubling.

As noted by a sister bankruptcy court within the Fourth Circuit: "The provisions of § 362(d)(3) are mandatory: in a single asset real estate case the court shall grant stay relief from the stay unless the debtor files a confirmable plan of reorganization or commences monthly interest payments within 90 days of the bankruptcy filing." *In re Croatan Surf Club, LLC*, 2012 Bankr. LEXIS 145, at *10 (Bankr. E.D.N.C. Jan. 12, 2012) (quoting *In re Carolina Commons Dev., L.P.*, 2010 WL 1965895 at *2 (Bankr. E.D.N.C. May 17, 2010)). More than a month-and-a-half after the Stay Relief Motion was first filed, the Debtor is still yet to provide any argument as to why this mandatory provision of the Bankruptcy Code is not applicable *sub judice*.

### IV. Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) deny the Motion to Reconsider; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 25, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of June, 2024, a copy of the foregoing was served electronically upon filing via the ECF system with copies to:

- Richard S. Basile    rearsb@gmail.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig