Entered: July 26th, 2024
Signed: July 26th, 2024
**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| Aligned Development LLC, | * | Case No. 24-11929-LSS |
|     Debtor. | * | Chapter 11 |
| | * | |

## ORDER DENYING MOTION TO RECONSIDER

Before the Court is Debtor's Motion for Reconsideration of Order Granting Motion for Relief from Automatic Stay [Dkt. No. 70] (the "Motion to Reconsider"), and the Opposition [Dkt. No. 71], filed by WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("Creditor"). Upon reviewing the Motion to Reconsider, Opposition, and entire record, the Court has determined that a hearing is unnecessary and has concluded that the Motion to Reconsider should be denied.

On March 7, 2024, Debtor filed a bare bones Voluntary Chapter 11 Petition [Dkt. No. 1]. Therein, Debtor identified as a small business debtor and elected to proceed under Subchapter V. Debtor also described its business as Single Asset Real Estate. Two days later, Creditor filed an Objection to Small Business Designation [Dkt. No. 4]. In response, Debtor filed an Amended Petition [Dkt. No. 9], dropping its designation as a small business debtor and election to proceed

1

under Subchapter V. On March 21, Debtor filed its bankruptcy schedules and other required documents. Debtor's original Schedule D [Dkt. No. 27] provided that none of Debtor's creditors hold claims secured by Debtor's property. However, Debtor's Summary of Assets and Liabilities listed secured claims totaling $895,699.74. Debtor filed an Amended Schedule D [Dkt. No. 41] on April 5, 2024. Therein, Debtor listed Creditor as holding a claim of $895,669.74 secured against Debtor's primary asset, the real property described as 1815 8th Street, Washington, DC (the "Property").

On June 11, 2024, Creditor filed a Motion for Relief from the Automatic Stay [Dkt. No. 52] (the "Stay Motion"), wherein Creditor sought relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3) based on Debtor's failure to file a confirmable plan or commence post-petition payments to Creditor within 90 days of the petition date. Creditor properly served on Debtor notice of the Stay Motion on June 11, 2024, or June 12, 2024. As such, the deadline for Debtor to file a response to the Stay Motion was June 28, 2024, or July 1, 2024, inclusive of the additional 3 days for mailing. Debtor did not file a timely response to the Stay Motion. As such, the Court made a docket entry on July 3, 2024, at 11:08 a.m. recognizing that no response had been filed to the Stay Motion. Later that day, Debtor filed an untimely Opposition [Dkt. No. 58]. In the Opposition, Debtor asserted that it "is not yet required to file a plan of reorganization." Debtor further asserted that there was equity in the Property, that it was necessary for an effective reorganization, and that Creditor's interest in the Property is adequately protected. On July 8, 2024, Debtor filed its first proposed Chapter 11 Plan and Disclosure Statement [Dkt. No. 62]. On July 10, 2024, the Court entered the Order Granting the Stay Motion [Dkt. No. 63] (the "Stay Order"), wherein it recognized that Debtor had failed to file a timely opposition to the Stay

Motion.

On July 24, 2024, Debtor filed the Motion to Reconsider. Debtor states that it failed to file a timely opposition to the Stay Motion because it "required time to research the payment history of the debtor and the movant and to develop evidence of the value of the subject property." Debtor asserts that the appraised value of the Property is $1,600,000.00 but may be even higher based on recent comparable sales. Debtor admits that it has made no post-petition payments but asserts that Creditor holds a reserve of over $300,000.00. Debtor further asserts that it is "in a position to obtain financing from equity partners to complete the renovation and sale of the property." If Creditor proceeds to foreclosure, Debtor argues, Debtor's other creditors would be prejudiced.

Debtor does not cite the legal basis for its request for relief from the Stay Order. Parties may move for reconsideration of a Court order under Fed. R. Civ. P. 59, made applicable herein by Fed. R. Bankr. P. 9023. Fed. R. Civ. P. 59, provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).

The Fourth Circuit has held that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). To that end, the Fourt Circuit recently articulated the applicable standard as follows:

> As a threshold matter, a trial court should only reconsider and revise an earlier ruling in three narrow circumstances: (1) if the trial produces substantially different evidence; (2) if there is a change in applicable law; or (3) when the court has committed a clear error resulting in a manifest injustice.

3

*Bethany Boardwalk Grp. LLC v. Everest Sec. Ins. Co.*, No. 20-2319, 2022 WL 12324609, at *6 (4th Cir. Oct. 21, 2022) (*citing U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC,* 899 F.3d 236, 257 (4th Cir. 2018)). Further, a motion to reconsider is not an appropriate means of raising arguments or presenting evidence that could have been raised or presented prior to the court's entry of the order. *Pacific Ins. Co.*, 148 F.3d at 403. "If relying on new evidence, 'a party must produce a legitimate justification for not presenting the evidence during the earlier proceeding.'" *Ingle ex rel. Est. of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (*quoting Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996)).

Creditor sought relief pursuant to § 362(d)(3), which is a special provision that applies only in Single Asset Real Estate ("SARE") cases. Section 362(d)(3) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . .
>
>> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
>>
>>> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>>>
>>> (B) the debtor has commenced monthly payments that--
>>>
>>>> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

11 U.S.C.A. § 362(d)(3). In summary, the Court must grant the secured creditor stay relief in a SARE case where Debtor has failed to either (1) file a confirmable plan or (2) commence post-petition payments to the secured creditor within 90 days of filing the petition.

Debtor did not allege the legal basis on which it seeks reconsideration of the Stay Order. As stated above, the Fourth Circuit has acknowledged three grounds for such relief, which are, in short: (1) change in law; (2) newly available evidence; and (3) clear error resulting in manifest injustice. Debtor has not alleged sufficient facts that would support a holding that either of these three grounds exist here.

Initially, Debtor has not alleged, and the Court is not aware of any change in the applicable law. Second, Debtor has not alleged the existence of any newly available evidence. Debtor makes new allegations in the Motion to Reconsider that were not raised in the untimely Opposition. Specifically, the Property's value, that Creditor is holding more than $300,000.00 owed to Debtor, and that Debtor is "in a position to obtain financing." However, these facts, even if true, would not justify the extraordinary remedy of vacating the Stay Order. Debtor fails to allege why these facts were not available to it at the time it filed its untimely Opposition. Equally important, these facts are irrelevant to the Court's analysis under § 362(d)(3), namely whether a plan was filed or payments were commenced within the first 90 days of the case. Lastly, Debtor has not alleged any error resulting in manifest injustice. In fact, Debtor admits that it has made no post-petition payments to Creditor. Further, the docket reflects that Debtor did not file a proposed plan until July 8, 2024, more than 120 days post-petition. As such, the Court did not err

in entering the Stay Order, and its entry has not caused manifest injustice.

Based on the foregoing, the Motion to Reconsider should be denied. Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion to Reconsider is **DENIED**

cc:   Debtor – Richard S. Basile
      Creditor – Maurice B. VerStandig

**End of Order**