IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11929-LSS |
| | ) | (Chapter 11) |
| Aligned Development LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WCP Fund I LLC, as Servicer for Pacific RBLF Funding Trust | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Aligned Development LLC | ) | |
| | ) | |
| Respondent. | ) | |

**STATEMENT OF POSITION ON MOTION TO CONVERT CASE
TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS CASE**

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, pursuant to the Order Setting Hearing to Convert Chapter 11 to Chapter 7 or in the Alternative to Dismiss (the "Hearing Notice," as found at DE #67) and the underlying Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case (the "Motion to Convert or Dismiss," as found at DE #53) filed by the United States Trustee (the "U.S. Trustee") and states as follows:

WCP does not generally take a position on the Motion to Convert or Dismiss, other than to observe that (i) the U.S. Trustee appears to set forth the existence of cause under Section 1112 of Title 11 of the United States Code; and (ii) the opposition thereto, by Aligned Development, LLC (the "Opposition," as found at DE #59), does not appear to satisfy the burden-shifting rigors of the

1

same statutory provision. However, if the Motion to Convert or Dismiss is to be granted, WCP urges that the former variety of relief be afforded in lieu of the latter variety of relief.

Title 11 of the United States Code provides, in determining whether to convert or dismiss a case, a bankruptcy court should do that which "is in the best interests of creditors and the estate. . ." 11 U.S.C. § 1112(b)(1). A leading treatise suggests that, when electing between conversion and dismissal, ". . . if all of the parties agree on one course of action, the court should accommodate their desire." 7 Collier on Bankruptcy P 1112.04. The same treatise goes on to note that, amongst the varying concerns to be examined when there is a tension between dismissal and conversion, is "whether the debtor would simply file a further case upon dismissal. . ." *Id.* (citing *In re Staff Inv. Co.*, 146 B.R. 256, 260–62 (Bankr. E.D. Cal. 1992)).

WCP appears to be the only significant creditor in this case and, through this filing, wishes to express a strong preference for conversion. Such a preference is rooted in the foregoing concern spoken to by Collier and the *Staff Inv*. Court: dismissal could beget a repeat filing. This is a debtor that (i) sought bankruptcy protection so as to stave off a foreclosure; (ii) took few steps to advance its case during the first three months of this Chapter 11 proceeding, and (iii) sought reconsideration of a stay relief order on grounds that, at least in part, appear to be temporally disingenuous in nature. DE #70. There is thusly a very real concern that a dismissal of this case could invite a repeat filing, prejudicing WCP and only further protracting the saga of a loan that long-ago matured without payment.

For this reason, WCP favors conversion of the case if the Motion to Convert or Dismiss is to be granted. Alternatively, WCP would also favor the Motion to Conver or Dismiss being held in abeyance until August 28, 2024 (the date immediately succeeding the foreclosure auction WCP has scheduled for the Debtor's sole real estate asset) or any later date—including September 9,

2024, when a hearing is scheduled on the disclosure statement filed by the Debtor herein, DE #69—so as to ensure the foreclosure may proceed without disruption.

                                                              Respectfully submitted,

Dated: July 30, 2024                        By: /s/ Maurice B. VerStandig
                                          Maurice B. VerStandig, Esq.
                                          Bar No. 18071
                                          The VerStandig Law Firm, LLC
                                          1452 W. Horizon Ridge Pkwy, #665
                                          Henderson, Nevada 89012
                                          Phone: (301) 444-4600
                                          Facsimile: (301) 444-4600
                                          mac@mbvesq.com
                                          *Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2024, a copy of the foregoing was served electronically upon filing via the ECF system with copies to:

- Richard S. Basile    rearsb@gmail.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                           /s/ Maurice B. VerStandig
                                                           Maurice B. VerStandig