IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| In re: | |
|---|---|
| ALIGNED DEVELOPMENT, LLC | Case No. 24-11929-LSS<br>Chapter 11 |
| Debtor. | |

**MOTION TO REVIEW THE CONDUCT OF
RICHARD S. BASILE AND THE LAW OFFICE OF RICHARD BASILE
FOR THE DISALLOWANCE AND REFUND OF FEES
AND OTHER RELIEF AS MAY BE APPROPRIATE**

Gerard R. Vetter, the Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, moves this Court, to review the conduct of Richard S. Basile and The Law Office of Richard Basile for the disallowance and refund of fees, and to grant relief as may be appropriate, pursuant to 11 U.S.C. §§ 105, 329 (the "Bankruptcy Code") and Fed. R. Bankr. P. 2016 and 2017 (the "Bankruptcy Rules"), and the Court's inherent authority to address misconduct (the "Motion") in the above-captioned case. In support of this Motion, the United States Trustee states as follows:

**JURISDICTION, VENUE AND STANDING**

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is filed pursuant to §§ 105, and 329 of the Bankruptcy Code, Bankruptcy Rules 2016 and 2017, and the Court's inherent authority.

2. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The United States Trustee has standing to bring this Motion pursuant to § 307 of the

1

Bankruptcy Code and 28 U.S.C. § 586(a).

## BACKGROUND

5.      Aligned Development, LLC, the Debtor, filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 7, 2024 ("Petition Date"). Originally, the Debtor designated itself as a Single Asset Real Estate ("SARE") as defined by in 11 U.S.C. § 101(51B) and elected to proceed under Subchapter V. *See* Dkt. 1.

6.      Richard S. Basile and The Law Office of Richard Basile ("Counsel") entered an appearance as counsel for the Debtor.

7.      After WCP Fund I LLC filed an objection because a debtor cannot be both a SARE and in Subchapter V, Dkt. 4, the Debtor amended the Petition to remove the Subchapter V designation, Dkt. 9. The Debtor remained a SARE.

8.      Pursuant to 11 U.S.C. § 362(d), the Court shall grant a secured creditor's motion for relief from stay against a SARE not later than 90 days after the entry of the order for relief unless the debtor files a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the debtor has commenced monthly payments.

9.      Ninety-six days after the Petition Date. WCP Fund I, LLC, a secured creditor, filed a Motion for Relief from Automatic Stay. Dkt. 52. The deadline to object to the Motion for Relief from Automatic Stay was June 25, 2024 ("Objection Deadline"). The hearing on the Motion for Relief from Automatic Stay was scheduled for July 8, 2024.

10.      The Objection Deadline passed with no response from the Debtor.

11.      After the Objection Deadline passed with no response from the Debtor, the United States Trustee filed a motion to dismiss or convert the case on July 1, 2024. Dkt. 53.

12. On July 3, 2024, the Court made an unnumbered entry on the docket that stated, "Disposition Without Hearing re: [52] Relief from Stay and Notice of Motion NO RESPONSE."

13. After the Court made the docket entry, the Debtor, through Counsel, filed Respondent's Opposition to the Motion for Relief from Automatic Stay ("Tardy Opposition"). There are two glaring issues in this Tardy Opposition. First, the Tardy Opposition provides no reason for the late-filed response. Second, the Tardy Opposition states that "The debtor at this point in time is not yet required to file a plan of reorganization." *Id.* at ¶ 3. The Tardy Opposition further states that "The Movant's motion is premature at the present time." *Id.* at ¶ 9. The statements in paragraphs 3 and 9 make the United States Trustee concerned that Counsel was not aware of the provisions of 11 U.S.C. § 362(d) as cited above.

14. Because the Tardy Opposition was not timely filed, the Court refused to consider it and granted the Motion for Relief from Automatic Stay. Dkt. 63.

15. The Debtor, through Counsel, filed a Motion for Reconsideration of the Order granting relief from the Automatic Stay. Dkt. 70. In that motion, Counsel fails to cite to any applicable rule, but, for the first time, provides an excuse, although weak, for failing to timely respond to the Motion for Relief from Automatic Stay. Counsel states that the Debtor was unable to file a timely response to the Motion for Relief from Automatic Stay because the "debtor required time to research the payment history of the debtor and the movant and to develop evidence of the value of the subject property." *Id.* at ¶ 1. Even if true, this does not relieve Counsel's responsibility to file a motion to extend time to file a response. Counsel simply let the deadline pass in silence.

16. Not surprisingly, the Court denied the Motion for Reconsideration. Dkt. 74.

3

17. Given that this was a SARE, it was devasting to the Debtor to no longer have the protection of the automatic stay. The Debtor could no longer proceed in bankruptcy and consented to the dismissal of the case. On August 5, 2024, the Court entered the Order dismissing the case. Dkt. 78.

## **LEGAL ARGUMENT**

18. Section 329(a) of the Bankruptcy Code governs a debtor's financial transactions with attorneys and explicitly provides:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).

19. Section 329(b) and Bankruptcy Rule 2017(a) allows the Court to review and adjust compensation "[i]f such compensation exceeds the reasonable value of any such services." 11 U.S.C. § 329(b). Through this statutory language, Congress sought to police payments to counsel, thus preventing overreaching by a debtor's attorney, while simultaneously protecting creditors and providing the transparency critical to the bankruptcy process. *In re Smitty's Truck Stop, LLC*, 210 B.R. 844, 848 (B.A.P. 10th Cir. 1997); *In re Dixon*, 143 B.R. 671, 676 (Bankr. N.D. Tex. 1992). In enacting this section, Congress sought to police payments to counsel to guard against overreaching by the debtor's attorney and provide protection for creditors. *Jensen v. U.S. Trustee (In re Smitty's Truck Stop)*, 210 B.R. 844, 848 (10th Cir. BAP 1997); *In re Dixon*, 143 B.R. 671, 676 (Bankr. N.D. Tex. 1992).

20. A court may disgorge fees pursuant to Section 329 even without a showing of actual harm to the debtor or to the estate. *In re Park-Helena Corp.,* 63 F.3d 877, 881 (9th Cir. 1995) (a Section 329 disclosure violation may result in sanctions regardless of actual harm to the estate); *In re Wood*, 408 B.R. 841, 853 (Bankr. D. Kan. 2009); *In re Laferriere*, 286 B.R. 520, 521 (Bankr. D. Vt. 2002) (the court may exercise its discretion to deny or reduce fees for counsel's failure to disclose its fee arrangements whether or not actual harm accrues to the estate). As this Court stated in *In re Gay*:

> [T]he bankruptcy estate is above all else a monument of trust. This means that the proper management of the estate carries with it paramount fiduciary obligations for the benefit of the debtor, creditors and other parties-in-interest. The bankruptcy court must ensure that attorneys that represent debtors do so in the best interest of the bankruptcy estate, do not have interests adverse to those of the estate, and only charge reasonable fees for services that are of benefit to the estate.

*In re Gay*, 390 B.R. 562, 569 (Bankr. D. Md. 2008).

21. "One purpose of disgorgement is to redress losses caused by insufficient work by counsel." *In re Moragne*, No. 12-00324, 2013 WL 3336605 at *4 (Bankr. D. Haw. July 2, 2013); *Hale v. U.S. Trustee*, 509 F.3d 1139, 1147 (9th Cir. 2007) (finding disgorgement under Section 329(b) an appropriate remedy where attorneys prepared documents which were incomplete and erroneous). "When an attorney ineptly or incompetently renders services on behalf of debtors, the court may order disgorgement of all fees pursuant to § 329." *In re Lee*, No. 09-20663-JNF, 2013 WL 3379367 at * 5 (Bankr. D. Mass. July 8, 2013); *In re Spickelmier*, 469 B.R. 903, 914 (Bankr. D. Nev. 2012) ("The requested compensation may be reduced if the court finds that the work done was excessive or of poor quality.").

22. In this case, Counsel made several fatal flows. Counsel appears to have not known about Section 363(d). Counsel did not file a plan of reorganization within 90 days of the Petition Date. Counsel did not file a timely response to the Motion for Relief from Automatic Stay or file a motion seeking an extension of time to file a response. Counsel did not cite to any legal authority in his Motion for Reconsideration.

23. Because of Counsel's mistakes that led to the Court granting WCP Fund I, LLC's Motion for Relief from Automatic Stay, the Debtor had no choice but to consent to dismissal of its case.

24. The United States Trustee is requesting that Counsel refund all fees collected in this case to the Debtor and for Counsel to be precluded from collecting fees from the Debtor after the case is dismissed.

25. The United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed in support.

WHEREFORE, for the reasons set forth herein, the United States Trustee requests that the Court: (1) review the conduct of Counsel; (2) require that Counsel refund and disgorge any fee received for this case within ten (10) days of this Order, (3) prohibit Counsel from collecting fees from the Debtor after the case is dismissed; (4) require that Counsel file a Notice of Completion certifying that she has complied with this Order within three (3) days of refunding

the fees; and (5) impose such other and further relief as the Court deems just and appropriate.

Dated: August 6, 2024                     **GERARD R. VETTER**
                                          Acting United States Trustee for Region 4

                                          By Counsel:


                                          <u>By: /s/ Lynn A. Kohen</u>
                                          Lynn A. Kohen, Bar No. 10025
                                          Trial Attorney
                                          Office of United States Trustee
                                          6305 Ivy Lane, Suite 600
                                          Greenbelt, MD 20770
                                          (301) 344-6216
                                          <u>Lynn.a.kohen@usdoj.gov</u>

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August 2024, a copy of the Motion to Review the Conduct of Richard S. Basile and The Law Office of Richard Basile for the Disallowance and Refund of Fees and Other Relief as may be Appropriate was served electronically by the Court's CM/ECF system on the following:

- **Richard S. Basile**   rearsb@gmail.com
- **Lynn A. Kohen**   lynn.a.kohen@usdoj.gov
- **US Trustee - Greenbelt**   USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

And by first-class mail, postage prepaid, to:

**Aligned Development LLC**
4108 Chariot Way
Upper Marlboro, MD 20772

*/s/ Lynn A. Kohen*
Lynn A. Kohen