IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| In Re: | |
| Aligned Development, LLC | Case No. 24-11929-LSS |
| Debtor | Chapter 11 |

**OPPOSITION TO MOTION TO REVIEW THE CONDUCT
OF RICHARD S BASILE AND THE LAW OFFICE OF RICHARD BASILE
FOR THE DISALLOWANCE AND REFUND OF FEES
AND OTHER RELIEF AS MAY BE APPROPRIATE**

Comes now Richard Basile and in Opposition to the U.S. Trustee's Motion to Review the Conduct of Richard S. Basile and for the Disallowance and Refund of Fees states as follows:

1. That Richard Basile received no fee in this case and thus there are no fees to disgorge.
2. That Richard Basile is somewhat constrained from fully presenting his opposition as such would call for communications with the debtor which would violate attorney client confidentiality.
3. Notwithstanding the foregoing, counsel made repeated efforts to obtain the debtor's cooperation with these proceedings but failed to obtain debtor's compliance with the rules and procedures of a Chapter 11 bankruptcy. An example of these issues is the fact that the debtor was repeatedly late in filing monthly operating reports and paying any of the quarterly payments. Debtor was repeatedly late in supplying necessary information to counsel or in failing to supply necessary information to counsel. Most importantly, debtor failed to make any post-petition payments to the secured creditor. Debtor failed to provide information as to the present "as is" value of the secured collateral and failed to supply any appraisal in support of said value and thus in support of any claim of equity in the property. Debtor failed to supply any documentation in support of its claim as to the nature and amount of monies allegedly being withheld by the secured creditor. Debtor further failed to provide documentation of its ability to obtain financing from equity partners. The debtor's failure to pay any monthly post-petition payments was a significant factor in this Court denying the motion for reconsideration and likely would have been a significant factor, along with the failure to prove equity in the property, in

the granting of the secured creditor's motion for relief from automatic stay. These factors also affected the ability of counsel to file a confirmable plan.

4. The debtor's failure to file timely operating reports for April and May and the failure to pay quarterly fees was the main reason for the U.S. Trustee's filing of a Motion to Convert or Dismiss. None of these failures was the fault of counsel and counsel could not control the debtor's numerous failures referenced herein.

5. For all of the above reasons, counsel could not file a timely answer to the motion for relief from automatic stay nor could counsel have achieved anything for the debtor by filing a motion to extend the time to answer the motion for relief from automatic stay. Additional time to file such an answer would not have changed the facts referenced herein and would have in any event not resulted in the Court denying the secured creditor's motion or denying the U.S. Trustee's motion. The result of debtor's dismissal from its Chapter 11 bankruptcy would have occurred irrespective of any actions of undersigned counsel. Such a result was entirely caused by the debtor's failures as cited herein.

6. The debtor was not devastated by no longer having the protection of the automatic stay. As a result of the dismissal of its case, the debtor is now free to obtain financing to pay off the secured creditor without the delay and expense of obtaining court approval or dealing with objections of the creditors.

7. Counsel's services in this case were not inept or incompetent. The debtor suffered no losses as a result of alleged insufficient work by counsel. Losses, if any, which might be suffered by the debtor are solely the result of debtor's failure to fulfill its obligations in a Chapter 11 proceeding.

Wherefore, counsel moves this Court to deny the U.S. Trustee's requested relief.

/s/ Richard S. Basile
Richard S. Basile, Esq.
CPF: 7806010005
6305 Ivy Lane, Suite 510
Greenbelt, Maryland 20770
(301) 441-4900
rearsb@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, 2024, a copy of the foregoing Opposition to Review the Conduct of Richard Basile, will be served electronically by the Court's CM/ECF system or sent via first class mail, postage prepaid, to the following:

Maurice B. VerStandig
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Parkway #665
Henderson, Nevada 89012
mac@mbvesq.com

Lynn Kohen
lynn.a.kohen@usdoj.gov

US Trustee – Greenbelt
USTPRegion04.G.B.ECF@USDOJ.GOV

Aligned Development, LLC
4108 Chariot Way
Upper Marlboro, MD 20772

/s/ Richard S. Basile
Richard S. Basile, Esq.
CPF: 7806010005
6305 Ivy Lane, Suite 510
Greenbelt, Maryland 20770
(301) 441-4900
rearsb@gmail.com